(March 31, 1927.)

FRANK S. VALENTINE, Respondent, v. EDWARD B. ARTHUR, Defendant, and THE STOCKYARDS NATIONAL BANK, Appellant.

[255 Pac. 323.]

PLEADING—DEMURRER TO COMPLAINT SUSTAINED.

Where complaint in action to foreclose real estate mortgage fails to show that one of defendants named was necessary or proper party defendant, in that it nowhere appeared that such defendant claimed to have any interest in property described in complaint, demurrer by such defendant should be sustained.

APPEAL from the District Court of the Eleventh Judicial District, for Minidoka County. Hon. T. Bailey Lee, Judge.

Action to foreclose real estate mortgage. Judgment for plaintiff. Judgment, in so far as it affects defendant, The Stockyards National Bank, *reversed and remanded.*

Publisher's Note.
See Pleading, 31 Cyc., p. 294, n. 8.

Wood & Driscoll and Karl Paine, for Appellant.

A judgment cannot be sustained when there is an entire lack of allegation to support it. (*Miller v. Prout,* 33 Ida. 709, 197 Pac. 1023; *Gile v. Wood,* 32 Ida. 752, 188 Pac. 36; *Van Sicklin v. Mayfield Land & Livestock Co.,* 41 Ida. 673, 241 Pac. 1022.)

H. V. Creason, for Respondent.

Pleadings should be liberally construed. (C. S., sec. 6707; *The Mode, Ltd., v. Myers,* 30 Ida. 159, 164 Pac. 91; *McCormack v. Smith,* 23 Ida. 487, 130 Pac. 999; *Miller v. Howard,* 95 Or. 426, 188 Pac. 160; *Chickasha Gas & Electric Co. v. Linn,* 80 Okl. 233, 195 Pac. 769; *Decker v. Decker,* 56 Mont. 338, 185 Pac. 168; *Henry v. Gulf Coast Drilling Co.,* 56 Okl. 604, 156 Pac. 321; *San Gabriel Valley Bank v. Lakeview Town Co.,* 4 Cal. App. 630, 89 Pac. 360; *Hutchings v. Ebeler,* 46 Cal. 557; *Tietke v. Forrest,* 64 Cal. App. 364, 221 Pac. 681.)

JOHNSON, Commissioner.—This is an action commenced by respondent to foreclose a real estate mortgage. Arthur Brothers executed and delivered to one Charlie M. L. Daley their promissory note in the sum of $6,000 and secured the same by a real estate mortgage. Daley assigned said note and mortgage to respondent, who commenced this action. Defendants all defaulted except The Stockyards National Bank, which filed a separate demurrer. The demurrer sets forth several grounds, but it is only necessary to mention two, which are as follows: "(b) That it nowhere appears from said complaint that this defendant has, or claims to have, any interest in the property described in the complaint. (c) It nowhere appears from the said complaint that this defendant is either a necessary or proper party defendant to said cause of action." An examination of the complaint discloses that the only reference to The Stockyards National Bank is an allegation as to its corporate existence. No statement is made anywhere that it has or

claims to have any interest in the property involved. In fact, there is nothing in the complaint to show why The Stockyards National Bank was made a party defendant. The demurrer should have been sustained, and no doubt would have been if called to the lower court's attention. The Stockyards National Bank stood on its demurrer and did not answer, whereupon a default was entered and judgment taken against all the defendants.

The Stockyards National Bank has appealed from the judgment so entered to this court. The complaint failing to state a cause of action against the said The Stockyards National Bank, we recommend that the judgment be affirmed except as against it, and, in so far as it affects said bank, be reversed and remanded. Costs to appellant.

Brinck and Varian, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment is affirmed except as against The Stockyards National Bank, and, in so far as it affects said bank, is reversed and remanded.

Costs to appellant.

Wm. E. Lee, C. J., and Givens and Taylor, JJ., concur.